COMMONWEALTH *vs.* MICHAEL KEEFE.

Suffolk.   November 23.—28, 1885.   DEVENS & GARDNER, JJ., absent.

If a complaint for placing and maintaining a screen, blind, shutter, and curtain upon premises licensed for the sale of intoxicating liquors, describes the premises as " the front room in the first story " of a certain building, the fact that the license produced in evidence covers the room alleged in the complaint and also the cellar under the same does not constitute a variance.

COMPLAINT to the Municipal Court of Boston, alleging that the defendant, on August 9, 1885, at Boston, was licensed to sell spirituous and intoxicating liquors in certain premises, to wit: " the front room in the first story of the building situate and numbered forty-five West Dedham Street in said Boston;" that said premises were then and there used by the defendant for the sale of such liquors, under the provisions of the license; and that the defendant did then and there place and maintain upon said premises a certain screen, blind, shutter, curtain, partition, etc., in such a way as to interfere with a view of the business conducted upon said premises, and with a view of the interior of said premises.

At the trial in the Superior Court, before *Pitman,* J., the government offered evidence tending to show that, on August 9, 1885, the defendant was using a room or saloon on the first floor of the building numbered forty-five on West Dedham Street, and fronting on said street, in Boston, for the sale of spirituous and intoxicating liquors; that he was licensed at the time to sell such liquors in said room and the cellar under the same; that in the room on the first floor, on said August 9, the curtain to the front window was down, and shutters were up on the entrance door in such a way as to interfere with a view of the business conducted on the licensed premises, and with a view of the interior of said premises.   This was all the evidence introduced by the government.

The defendant asked the judge to rule that there was a variance between the allegations of the complaint, describing the alleged licensed premises, and the evidence; that the complaint did not describe the licensed premises; and that the

defendant was entitled to an acquittal. But the judge refused so to rule.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. L. Eldridge*, for the defendant.

*E. J. Sherman*, Attorney General, *& H. N. Shepard*, Assistant Attorney General, for the Commonwealth.

BY THE COURT. The offence charged is that the defendant, being licensed to sell intoxicating liquors in a room described in the complaint, used by him for the sale of such liquors, placed and maintained upon the said premises a curtain and shutter in such way as to interfere with a view of the business conducted upon the premises.

The evidence proved all the allegations of the complaint. The fact that the defendant's license included the cellar under the room is immaterial. The complaint need not, and does not, set out the exact form and extent of the defendant's license, so as to make it a part of the description of the offence; it is enough that it alleges that the defendant, having a license to sell in the room named, maintained therein curtains or shutters, against the law. If the license produced proves the allegations of the government, the fact that it proves more, namely, that the defendant is also licensed to sell in another room, does not constitute a variance. *Exceptions overruled.*